**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 13-60947-Civ-GAYLES/TURNOFF

**INT'L YACHT BUREAU, INC.,**
and **JACOB DESVERGERS**,

   Plaintiffs,

vs.

**INT'L REGISTRIES, INC.,**

   Defendant.

_____/


**INT'L REGISTRIES, INC.,**

   Counter-Plaintiff,

vs.

**INT'L YACHT BUREAU, INC.,**
**JACOB DESVERGERS**, and **MEGA**
**YACHT REGISTRY SERVS., INC.,**

   Counter-Defendants.

_____/


**ORDER GRANTING COUNTER-DEFENDANTS' MOTION FOR SUMMARY**
**JUDGMENT AND DENYING DEFENDANT/COUNTER-PLAINTIFF'S MOTION FOR**
**PARTIAL SUMMARY JUDGMENT**

   **THIS CAUSE** came before the Court on Counter-Defendants International Yacht

Bureau, Inc., Jacob DesVergers, and Mega Yacht Registry Services, Inc.'s Motion for Summary

Judgment [ECF No. 74] and Defendant/Counter-Plaintiff International Registries, Inc.'s

Redacted Motion for Partial Summary Judgment [ECF No. 76]. A hearing on the motions was held on Friday, August 21, 2015, at which time the Court issued a preliminary ruling and indicated that this written order would issue. The Court has reviewed the motions and the record and is otherwise fully advised. For the reasons stated below, the Court GRANTS Counter-Defendants' Motion for Summary Judgment and DENIES Defendant/Counter-Plaintiff's Motion for Partial Summary Judgment.

## BACKGROUND

Plaintiff Jacob DesVergers ("DesVergers") brought this action on behalf of himself and his company, International Yacht Bureau, Inc. ("IYB"), after a business relationship soured between Plaintiffs and Defendant, International Registries, Inc. ("IRI"). Plaintiff DesVergers and his company have performed marine inspections of yachts that register under the flags of certain countries, including the Republic of the Marshall Islands (the "RMI" or "Marshall Islands") and Jamaica. Neither the Marshall Islands nor Jamaica is a party to this proceeding.

**A.     The Relationship Between IRI and the RMI**

The Marshall Islands registers vessels under the RMI Maritime Registry (the "RMI Registry") for the purposes of ensuring the safety, inspection, and proper documentation of vessels registered under its flag, and those ships authorized to fly the flag of the Marshall Islands then become subject to that country's laws and regulations. [ECF No. 77 at ¶ 1].[1] Defendant IRI is a Virginia corporation that has conducted business in Ft. Lauderdale, Florida. [ECF No. 54 at ¶ 4]. IRI provides administrative and technical support, including the registration of vessels, for the RMI through IRI's relationship with The Trust Company of the Marshall Islands, Inc. ("TCMI"),

---

[1] For the purposes of outlining this background information, the Court primarily relies upon the parties' statements of undisputed material facts, *i.e.*, ECF Nos. 74-1 & 77.

which is the RMI Maritime Administrator and acts as a governmental arm of the RMI. [ECF No. 77 at ¶ 3]. TCMI is not a party to this proceeding.

**B.      The Relationship between Plaintiffs and Defendant**

In 2006, TCMI entered into an agreement with Plaintiff IYB, through which IYB would perform certain certification and safety inspections on RMI-registered vessels. [ECF No. 77 at ¶¶ 7–9]. Plaintiff DesVergers, a ship inspector and surveyor, created IYB to perform surveys and certification services for yachts. [ECF No. 53 at ¶¶ 11–14]. Because of its role in assisting TCMI in performing its governmental functions for the Marshall Islands, IRI was the primary point of interaction with IYB. [ECF No. 77 at ¶ 12]. The business relationship between the parties grew through approximately 2010. [ECF No. 53 at ¶¶ 17–18; ECF No. 77 at ¶ 13]. On February 19, 2013, TCMI terminated its agreement with IYB effective March 1, 2014. [ECF No. 77 at ¶ 14].

**C.      The Litigation**

Plaintiffs IYB and DesVergers initiated this litigation in March 2013 in Florida state court, and IRI subsequently removed the action to this Court. [ECF No. 1]. Plaintiffs' Amended Complaint alleges claims of Defamation and Tortious Interference with Business Relationships. [ECF No. 53]. These claims are primarily premised upon alleged statements and interactions between IRI and yacht owners beginning in 2010 regarding IYB's yacht services. [*Id.* at ¶¶ 22–49].

In its Amended Counterclaims, IRI asserts claims of Tortious Interference with Business Relationships, Defamation, and Violation of Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") against Plaintiffs as well as the additional Counter-Defendant Mega Yacht Registry Services, Inc. ("Mega Yacht"), a Florida corporation of which DesVergers is the sole officer/director and president. [ECF No. 54]. In its Amended Counterclaims, IRI alleges, *inter*

*alia*, that Counter-Defendants made intentional misrepresentations regarding the RMI Registry, encouraged yacht owners to switch their yacht registrations to the Jamaican flag (instead of the Marshall Islands), and interfered with IRI's business. [*Id.* at ¶¶ 28–37]. The parties all filed motions for summary judgment, claiming that each party was entitled to judgment as a matter of law regarding the claims against them. [ECF Nos. 74 & 76].

## LEGAL STANDARD

Summary judgment "shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642 (11th Cir. 1997) (quoting Fed. R. Civ. P. 56(c)) (internal quotations omitted); *Damon v. Fleming Supermarkets of Fla., Inc*., 196 F.3d 1354, 1358 (11th Cir. 1999). Thus, the entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id*. Rule 56 "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine

issue for trial.'" *Celotex*, 477 U.S. at 324. Thus, the nonmoving party "may not rest upon the mere allegations or denials of [her] pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted).

"A factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Damon*, 196 F.3d at 1358. When deciding whether summary judgment is appropriate, "the evidence, and all inferences drawn from the facts, must be viewed in the light most favorable to the non-moving party." *Bush v. Houston Cty. Comm'n*, 414 F. App'x 264, 266 (11th Cir. 2011).

## DISCUSSION

### A.    IYB, DesVergers, and Mega Yacht's Motion for Summary Judgment is granted as IRI lacks standing.

Defendant/Counter-Plaintiff IRI lacks standing to bring its claims. The question of standing is an initial matter that the district court considers with all claims invoking federal jurisdiction. *See Bischoff v. Osceola Cty., Fla.*, 222 F.3d 874, 877–78 (11th Cir. 2000). "The party invoking federal jurisdiction bears the burden of proving standing." *Id.* at 878. "[W]hen standing is raised at the summary judgment stage . . . the plaintiff must set forth by affidavit or other evidence specific facts, . . . which for purposes of the summary judgment motion will be taken to be true." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (internal quotations omitted). There are three elements required to meet constitutional standing: an injury in fact, causation, and redressability. *Alabama-Tombigbee Rivers Coal. v. Norton*, 338 F.3d 1244, 1252 (11th Cir. 2003) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102–04 (1998)). The plaintiff's alleged injury must be traced to the defendant's conduct, and that

"showing of traceability must not be too 'attenuated.'" *Id.* at 1254 (citing *Allen v. Wright*, 468 U.S. 737, 757 (1984)). "To establish standing, a litigant ordinarily 'must assert his own legal rights and interests' and cannot assert the rights or interests of someone else." *S.E.C. v. Quest Energy Mgmt. Grp., Inc.*, 768 F.3d 1106, 1109 (11th Cir. 2014) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

In this case, IRI brings three claims against Counter-Defendants that, at their core, regard the RMI Registry. [ECF No. 54 at ¶¶ 38–52]. As IRI itself presents, the RMI Registry was created by the RMI Maritime Act "to ensure the safety, inspection, and proper documentation of ships, yachts, and other vessels registered under the RMI Maritime Registry." [ECF No. 77 at ¶ 1]. Registration of a vessel with the RMI renders that vessel "subject to RMI law and regulation." [*Id.*]. The Marshall Islands, however, is not a party to this action. IRI, the sole Counter-Plaintiff here, provides administrative and technical support to TCMI. [*Id.* at ¶ 4]. According to IRI, TCMI acts as a "governmental arm" of the Marshall Islands. [*Id.* at ¶ 3]. Many of IRI's personnel have been deputized as officers of TCMI. [*Id.* at ¶ 5]. Accordingly, such appointments provide IRI personnel government authority to act on behalf of TCMI. *Id.* TCMI, however, is not a party to this action.[2]

Accordingly, the Court finds that the Defendant/Counter-Plaintiff, IRI, does not have standing to bring its three claims against the Counter-Defendants because IRI is not the real party in interest. Any damage or interest that IRI may have related to the purported statements made by Counter-Defendants is too attenuated. The collateral interest that IRI asserts, because it works to support the RMI Registry, is not enough to create an interest such that IRI can bring a cause of

---

[2] Even if TCMI were a party to this case, it is questionable whether it would have standing because TCMI was hired by the Marshall Islands to administer the RMI Registry and conduct related business. However, because TCMI is not a party to this case, the Court need not decide whether TCMI has standing to bring a claim against Counter-Defendants at this time.

action here. To allow IRI to proceed in its claims against Counter-Defendants could negatively affect the rights and interests of the Marshall Islands and TCMI, neither of which is a party to this litigation.[3] Therefore, the Plaintiffs/Counter-Defendants' Motion for Summary Judgment is granted.[4]

**B.     Defendant/Counter-Plaintiff's Motion for Summary Judgment is denied, as there are genuine issues of material fact.**

**i.     Plaintiffs have presented admissible evidence in support of their claims.**

IRI argues that this Court should grant summary judgment in its favor because Plaintiffs' claims are based almost entirely on inadmissible hearsay. [ECF. No. 76 at 3]. In supporting its positions under a Motion for Summary Judgment, a party must support its assertions by presenting admissible evidence. *See* Fed. R. Civ. P. 56(c); see also, e.g., *Molenda v. Hoechst Celanese Corp.*, 60 F. Supp. 2d 1294, 1303–04 (S.D. Fla. 1999), *aff'd*, 212 F.3d 600 (11th Cir. 2000) (granting summary judgment on the basis that Plaintiff "presented no competent evidence to meet the first element of his prima facie case"). Plaintiffs respond to IRI's argument that they have based their claims on inadmissible hearsay by pointing to admissible evidence in support of their claims, including emails and the testimony of certain witnesses, including Mr. Feaster,[5] a former IRI and IYB employee. [ECF No. 98 at 4–8]. In as much as Counts I and II of the Amended Complaint are not premised entirely on inadmissible hearsay, this initial argument by IRI fails.[6]

---

[3] Notably, the Marshall Islands may very well decide that it is not in its interest to involve itself in a fight with Jamaica regarding yacht registries. Absent any involvement by the Marshall Islands, the Court declines to proceed for that reason as well.

[4] Because the Court holds that there is no standing, it does not need to address the additional arguments briefed by IRI and Counter-Defendants.

[5] However, IRI indicates that Mr. Feaster left IRI prior to all but one of the acts of alleged wrongdoing in the Amended Complaint, and his personal knowledge of any incidents is unclear. [ECF No. 109 at 5–7].

[6] As this Court articulated during the parties' hearing on August 24, 2015, Plaintiffs cannot base their claims solely on inadmissible evidence, *i.e.*, inadmissible hearsay. Because Plaintiffs have proffered additional evidence beyond

**ii.    The issue of malice is improper to decide by summary judgment where there are genuine issues of material fact.**

IRI further argues that this Court should grant summary judgment in its favor because Plaintiffs have not shown that the statements by IRI are either defamatory or non-privileged. [ECF. No. 76 at 6]. Plaintiffs respond that they have provided record evidence of defamatory statements that are not privileged, including statements by IRI's former Director, Ryan Rabatin and IRI's former employee, Eugene Sweeney. [ECF No. 98 at 8–10]. Additionally, Plaintiffs argue that there is a question of fact as to whether IRI is entitled to the privilege regarding the statements. [*Id.* at 11].

Florida law recognizes a conditional privilege for a statement made by one having an interest or duty in the subject matter to another person having a corresponding interest or duty, even if the statement may otherwise be actionable as defamatory. *See Nodar v. Galbreath*, 462 So. 2d 803, 809–10 (Fla. 1984). In order to overcome the common-law qualified privilege, the plaintiff must show "express malice," demonstrating that "the primary motive for the statement is shown to have been an intention to injure the plaintiff." *Id.* at 806. "Express malice" requires a showing of three elements: ill will, hostility, and evil intention to defame and injure. *Boehm v. Am. Bankers Ins. Grp., Inc.*, 557 So. 2d 91, 94 (Fla. 3d DCA 1990) (citing *Nodar*, 462 So.2d at 811). "Even though the speaker's primary motivation must be express malice to overcome the privilege in a defamation action[,] in a *tortious interference* claim, *malice* must be the *sole basis* for the interference." *Id.* at 95. (emphasis added)

The elements for finding a conditionally privileged publication are as follows: "1) Good faith; 2) an interest to be upheld; 3) *a statement limited in its scope to this purpose*; 4) a proper

---

inadmissible hearsay, that evidence is viewed in the light most favorable to the non-moving party (*i.e.*, Plaintiffs), and neither Count I nor Count II of the Amended Complaint can be resolved at this time under IRI's Motion for Partial Summary Judgment. However, as previously noted by the Court, hearsay statements by yacht owners/operators will not be admitted at trial.

occasion; and 5) publication in a proper manner." *Axelrod v. Califano*, 357 So. 2d 1048, 1051 (Fla. 1st DCA 1978) (internal citation omitted) (emphasis added). "If the privilege is conditional or qualified, and there is sufficient evidence to indicate that the privilege may have been exceeded or abused, the issue of fact must be submitted to the jury." *Id.* at 1052. Under Florida law, the issue of whether a defendant "has gone beyond its limited and qualified privilege is generally a question for the trier of fact." *KMS Restaurant Corp. v. Wendy's Intern., Inc.*, 361 F.3d 1321, 1325 (11th Cir. 2004) (internal citations omitted). "[E]ven where the defendant's motive is not purely malicious, a tortious interference claim may succeed if improper methods were used." *Id.* at 1327.

In ruling on IRI's Motion for Partial Summary Judgment, this Court must view all the proffered evidence, and any inferences thereof, in the light most favorable to DesVergers and IYB. *See Bush v. Houston Cty. Comm'n*, 414 F. App'x 264, 266 (11th Cir. 2011). The admissible evidence proffered by Plaintiffs in support of Counts I and II of the Amended Complaint, though not dispositive, does present genuine issues of material fact regarding the actions of IRI. Plaintiffs' Statement of Material Disputed Facts [ECF No. 99], as well as their other filings with this Court, raise genuine issues that would be improper for the Court to rule upon at this time.[7] Applying the standard for summary judgment, this Court declines to grant Defendant's motion.

## CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Counter-Defendants' Motion for Summary Judgment [ECF No. 74] is **GRANTED** as Defendant/Counter-Plaintiff has no standing to bring

---

[7] For example, the motive and intent of the emails and other admissible statements, particularly with regard to malice, allegedly made by IRI or its agents.

its claims. It is further

**ORDERED AND ADJUDGED** that Defendant/Counter-Plaintiff's Motion for Partial Summary Judgment [ECF No. 76] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 1st day of September, 2015.

Honorable Darrin P. Gayles
United States District Judge

cc:     Magistrate Judge Turnoff
        All Counsel of Record